Taylor, Judge.
It ought to have been pleaded in abatement j so there was a verdict for the plaintiff.
Haywood gave notice that he would move to have the verdict set aside and a nonsuit entered. , Accordingly, a few days afterwards, he moved that the verdict be set aside and a nonsuit entered. líe insisted unen his former distinction, and argued that whatever sccrr.es daring the coverture, "for woik or labor done by the wife during the coverture, belongs to the husband only : and that being shewn on the general issue, proves that the money to be recovered, does not belong to the wife who sues for it, but to the husband : and should she, notwithstanding such evidence, be permitted to recover, that will be no bar to the husband ; and he may sue and recover upon the "same cause of action. The case is otherwise, perhaps, when the cause of action accrues to her diem sola ; for then, if the general issue be pleaded, such evidence would shew that she is entitled for her choscs in. action do not belong to the husband till reduced into his possession, but to the wife : and at the time of the trial, when the evidence is given, they are not reduced into his possession. Should she recover, she cannot afterwards sue, having already recovered. — -In the latter case, a plea in abatement is proper, because the defendant can point out a better writ for the plaintiff,- namely, a writ joining the husband, to the end he may answer costs if the judgment of the court should be against him. But in the former case, "a plea in abatement is not necessary, because it cannot give the plaintiff a better writ, but shews she is not entitled to any writ at all: for if upon such plea her writ be abated, she must sue; and in strict propriety she cannot be joined : Vide 2 Bl. Rep. 1236. It is said by the counsel on the other side, that if a feme covert recovers upon a cause arij» ing during the coverture, that may be pleaded in bar of an action brought by the husband. That cannot be a correct position, for jf it be,, then a wife by collusion between her and the debtor’ of the husband, may get judgment against the debtor, and put it in his power to bar the husband whether he will or not; lor the husband being no party to the suit brought by the wife, cannot plead in abatement, Besides, if a recovery be pleadable In bar to the husband, so also will a judgment against the wife, upon a plea to the merits ; and then the wife may destroy the *123 husband’s action for every debt that is due to h<Ki: she has nothing to do but to rue his debtors, who may plead Co che menta ; .and by not producing evidence on the trial, have a verdict and judgment against her — -which, according to the doctrine contended for, burs the husband forever. Strange’s Keports, SSt proves the position, that whatever the wile earns, belongs to the husband. 'Then let us suppose an indebitatus assumpsit brought bv the wife alone for such earnings ; the decías stioa must state the promise to the wife, who is the plaintiff in the action ; and when the evidence is given, it proves the promise implied by law to have been given to the husband and not to the wile, and is a palpable variance from what is set forth in the declaration ; and such a variance bv all the boots, is fatal to the plaintiff’s action. There are authoiities to shew that such evidence may be given in the general issue, which proves, it need not be pleaded, in abatement: 3, Strange In trespass lor assault and battery, the defendant gave in. evidence his marriage with the plaintiff, which she encountered by giving evidence, that at the time of that marriage.; she was. married to another man, who was alive at the time of the second marriage. 3 Wilson S, and' 6 Term, 2G5, prove the same thing. In these cases, coverture was given in evidence on the general issue, the cause of action having accrued during the coverture, which establish the position that it need not be pleaded, in abatement,, and defeats the answer now made to m.y objection. This answer was- the other day attempted to be supported by 4 Bacon Ah. .£9. The passage relied upon states, that coverture before the writ.sued, is <k facta on abatement; whereas coverture pending the writ only makes it abateable, but both must be pleaded, coverture pending the writ after the last continuance, but coverture before the writ at any time, ?zc. If this be intended of a plea in abatemeists strictly speaking, it cannot be law ; for by. the rules of law, a. plea, in abatement must not only point out a better writ, which here it does not, but also musí be pleaded before a plea in chief ? whereas the book says the plea in abatement here spoken of may be pleaded, at any time, as I understand it,.the nest moment before the trial. In another respect also, that ivbich is here called, a plea in abatement, does not answer that description-: the chief end of a plea in abatement, is to save expence and the attendance of witnesses on a plea in chief; but according to this book, the fact may be disclosed by pi catling after a plea in chief, at any time and after the witnesses have been attending, perhaps several terms on* the plea, in chief. It is clear therefore, the author does not mean a plea in abatement properly so called $ but that whenever it appears.to the court that the plaintiff is a feme covert, that shall hinder her proceeding to a recovery That matter did appear to the court in the present case upon the evidence j,therefor;: she ought act to recoser. The distinction' *124 betw; en the accruing of the action diem aola and during the co-verture is a p'ain anu palpable distinction, pointing out very dii> ferent consequence?, shewing in one case that at the time of the trial the action and right to the thing recovered belong nrin-cipaiiy to the wife, without whose joining there cannot be a re-coverr: but in the other that at the tune of the trial the cause of action and the right to the thing to be recovered is not in her but in the husband, who can recover without joining the wife, who is not a necessary party ; and therefore in the latter case there cannot be a plea in abatement for she cannot have a better writ, nor indeed any writ at all. And if a plea in abatement be made, the witnesses to support that must attend in the same manner as upon a plea in chief where the same matter is relied on : no expence is saved to the parties by a plea in abatement which is one of the principal objects of a plea of that hind. If the distinction now insisted on be attended to it will reconcile all the authorities, I mean all the modern ones, where the subject has been accurately considered, and this will afford a Strong proof that the distinction itself is a sound one.
Mr. Cameron and Mr. Norwood replied.
They insisted that the disability of the plaintiff should be pleaded in abatement.— Mr. Cameron cited 3 Term 626. Mr. Nor-wood rema; ked that the case in Wilson 3 was so decided because there the fifty pounds paid by the wife was the money of the husband, and also because the wife could not give a warrant of attorney to confess judgment ; and he cited 4 Ba. Ab. 16, 18, Cro. j. 77. 2 Wels 424.
llisyzvoou, ior the Dsfendanu
judge Taylor.
I will not immediately decide upon this question, but by way of break5ng case I will mention that it is a true rule that a plea in abatement must give the plaintiff abetter writ. Where the cause of action arose diem sola it is admitted she may have a better writ by joining the husband. If therefore it should turn out upon further investigation, that the wife may be joined in cases where the cause of action arises during the coverture, then it will follow that in this case also she may have a better writ by joining the husband. I am at present inclined to think she may be joined in such case,
Oa the last day of the term he gave judgment for the plaintiff, saying — It is a general rule in all cases, without regard to the distinction made at the bar, that coverture in the plaintiff must be pleaded in abatement and that it cannot be given in evidence upon the general issue. 1 Strange 79. 2 Wilson 3. 6 Term 265, do not when properly considered establish the point they were cited to support.
S>nere de hoc. Vide H. Bl. Rep. 114—Cro. J. 644—2 Wilson 414—1 Ba. Ab. 290—Salk 114—Plo. 2—Show. 50—5 C. D. pleader—2 W. 21-2 Bl. Rep 1239—4 Mo 156—Carth 251.